UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

M.M.,

Plaintiff,

v.

MARTIN O'MALLEY, et al.,

Defendants.

Case No. 23-cv-03867-PCP

**ORDER GRANTING MOTION FOR ATTORNEY FEES**

Re: Dkt. No. 22

After plaintiff M.M. brought this action for review of the Commissioner of Social Security's decision to deny disability-insurance benefits, the Court reversed the decision and remanded the case. The Commissioner then issued a favorable decision. Plaintiff's counsel, Francesco Benavides, now seeks $11,390.00 in attorney fees pursuant to 42 U.S.C. § 406(b). Plaintiff was served with the motion and has not objected, and the Commissioner does not oppose the motion. For the reasons that follow, the motion is GRANTED.

"Whenever a court renders a judgment favorable to a claimant under [Subchapter II of the Social Security Act] who was represented before the court by an attorney," § 406(b) authorizes the Court to "determine and allow as part of its judgment a reasonable fee for such representation[.]" 42 U.S.C. § 406(b)(1)(A). Such fees must not exceed 25 percent of the past-due benefits recovered by the claimant and are paid to counsel out of (not in addition to) those benefits. *Id.*; *Gisbrecht v. Barnhart*, 535 U.S. 780, 792 (2002).

Critically, a court-awarded fee under § 406(b) "is the only way a successful [claimant]'s attorney may recover fees for work performed before the district court," as "it is a criminal offense for an attorney to collect fees in excess of those allowed by the court." *Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir. 2009) (citing 42 U.S.C. § 406(b)(2)). Thus, even if a claimant's fee agreement with counsel authorizes a fee greater than the 25-percent maximum award authorized,

United States District Court
Northern District of California

the statutory cap applies. *See id.* But § 406(b) was not intended to "displace contingent-fee agreements" and serves only "to address [the] particular problem" of attorneys charging "exorbitant fees" even in "easy cases." *Id.* at 1149 (citation modified). So where a contingent-fee agreement provides for a claimant's attorney to recover less than 25-percent of the claimant's recovered past-due benefits, the Court "must respect 'the primacy of [that] lawful attorney-client fee agreement[]" and merely "test[] it for reasonableness[.]" *Id.* at 1148 (quoting *Gisbrecht*, 535 U.S. at 808.

In the context of attorney-fee awards under § 406(b), "[a] fee resulting from a contingent-fee agreement is unreasonable, and thus subject to reduction by the court, if the attorney provided substandard representation or engaged in dilatory conduct in order to increase the accrued amount of past-due benefits, or if the 'benefits are large in comparison to the amount of time counsel spent on the case.'" *Id.* (quoting *Gisbrecht*, 535 at 808). To aid its assessment, the Court may (but is not required) to consider the hours worked by an attorney and the attorney's regular hourly rate for noncontingent cases. *See Gisbrecht*, 535 U.S. at 808. "The attorney bears the burden of establishing that the fee sought is reasonable." *Crawford*, 586 F.3d at 1148 (citation modified).

Here, plaintiff and his counsel have a contingency-fee agreement to give counsel a fee amounting to 25-percent of plaintiff's recovered past-due benefits. Because plaintiff recovered $82,386.00 in past-due benefits, the agreement thus provides for counsel to receive a fee of $20,596.50. But counsel does not seek an award for that full amount; he instead asks the Court to authorize an attorney-fee award of only $11,390.00, or roughly 14 percent of plaintiff's recovered benefits. The fee is therefore permissible so long as it is reasonable. *See id.*

Counsel submits that he "expended a total of 31.4 hours of time litigating this case" before this Court, so his requested fee reflects an effective hourly rate of $362.74. That is at the lower end of counsel's usual rate in noncontingent cases, which ranges from $350 to $550 per hour. And it is "well below the effective hourly rate awarded … in similar cases." *See Garcia v. SSA Comm'r*, No. 23-CV-00131-TSH, 2026 WL 1200843, at *2 (N.D. Cal. May 1, 2026) (approving § 406(b) fee request at an effective hourly rate of $336.51 and collecting cases granting significantly higher awards); *see also Barton v. Colvin*, No. 21-CV-9662-RMI, 2024 WL 5173257, at *2 (N.D. Cal.

Dec. 18, 2024) (similarly approving fee request at an effective hourly rate of $369 and collecting cases authorizing significantly higher awards). Plaintiff's counsel filed this case in August 2023 and obtained an order reversing the Commissioner's decision in May 2024; "the record thus does not reflect delay by counsel. *M. R. v. SSA Comm'r*, No. 25-CV-04832-EMC, 2026 WL 1882836, at *1 (N.D. Cal. June 30, 2026) (considering similar nine-month period). And nothing in the record before the Court suggests that counsel provided substandard representation or provides any other basis to reduce his requested fee award. The Court therefore finds that counsel's requested fee is reasonable.

Having determined that the fee requested under § 406(b) is reasonable, the Court must account for the attorney fees already paid to counsel by the Commissioner under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. "'Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits' by requiring the claimant's attorney to refund to the claimant the amount of the smaller fee up to the point where the claimant receives 100% of the past-due benefits." *Kraft v. Comm'r of Soc. Sec.*, No. 23-CV-05434-LJC, 2025 WL 3522722, at *2 (N.D. Cal. Dec. 9, 2025) (quoting *Gisbrecht*, 535 U.S. at 796). Because the Court finds counsel's fee request under § 406(b) to be reasonable, and because that requested fee is greater than the $7,475.00 counsel previously received under EAJA, counsel shall refund $7,475.00 to plaintiff. *See id.*

Accordingly, counsel's motion for attorney fees is GRANTED. The Commissioner is directed to certify fees under 42 U.S.C. § 406(b)(1)(A) in the amount of $11,390.00, payable to Francesco Benavides. Counsel is ORDERED to refund the $7,475.00 in EAJA fees to plaintiff in order to offset the payment of fees under § 406(b).

**IT IS SO ORDERED.**

Dated: July 27, 2026

P. Casey Pitts
United States District Judge